## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Judith Tompson

    v.                                        Civil No. 16-cv-168-JL

N.H. Department of Health
and Human Services


### REPORT AND RECOMMENDATION

Pro se plaintiff, Judith Tompson, has filed a complaint (doc. no. 1), which is before the court for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).


### Preliminary Review Standard

The magistrate judge conducts a preliminary review of complaints filed in forma pauperis.  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

**Background**

Plaintiff has a chronic, disabling health condition, and she is proceeding in this action in forma pauperis.  Plaintiff receives Social Security Disability Income ("SSDI") in the amount of $1,276.00 per month.  She applied for Medicaid in August 2014.  On August 26, 2014, the New Hampshire Department of Health and Human Services ("DHHS") notified plaintiff that her Medicaid coverage was subject to a deductible or "spend down," of $672.00 per month, or $4,032.00 in a six month period, effective September 1, 2014.  Plaintiff appealed that decision to the DHHS Administrative Appeals Unit.

In the administrative appeal, plaintiff contended that her elevated Medicaid deductible discriminates against her on the basis of her disability, in violation of Title II of the Americans with Disabilities Act ("ADA"); that it is based on an outdated, unreasonable formula; and that it denies her meaningful access to medical benefits and services.  The hearing officer rejected her claims, concluding that the DHHS used the amount of plaintiff's income to determine her deductible, not the source of that income, and that the agency's actions were

consistent with the federally-approved state Medicaid plan.

Plaintiff appealed that agency decision to the New Hampshire Supreme Court ("NHSC"), raising the same arguments that she had raised before the agency.  Plaintiff specifically asserted that DHHS relied on outdated guidelines and failed to give her meaningful access to medical benefits and services, when it set her spend-down amount so high.  The NHSC affirmed the agency's decision, concluding that the agency had not committed reversible error.  See In re Tompson, No. 2015-0327 (N.H. Mar. 30, 2016).

Plaintiff filed this action on April 27, 2016, captioning it both as a "Notice of Appeal" and as a "Complaint."  See Doc. No. 1, at 1 ("Complaint"); Doc. No. 1-1 ("Notice of Appeal"). Plaintiff asserts essentially the same claims here that she raised in the NHSC and before the DHHS.  Plaintiff seeks declaratory and injunctive relief, specifically, review and remand of her case to the DHHS to reconsider her Medicaid application.  Plaintiff has not asserted a claim for damages.

## Discussion

### I.   Res Judicata

State court decisions have the same preclusive effect in federal cases that they would have under state law.  See Miller

v. Nichols, 586 F.3d 53, 60 (1st Cir. 2009).

> In New Hampshire, "the essence of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action."  The doctrine precludes litigation in a later case of matters actually litigated, and matters that could have been litigated, in the earlier action.  For res judicata to apply, three elements must be satisfied: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action.

Torromeo v. Town of Fremont, 438 F.3d 113, 116 (1st Cir. 2006) (citations omitted).  New Hampshire law broadly defines a "'cause of action' as 'all theories on which relief could be claimed on the basis of the factual transaction in question.'" Brooks v. Trs. of Dartmouth Coll., 161 N.H. 685, 694, 20 A.3d 890, 897 (2011).  The parties in the state proceeding and here are the same, both cases arose from the same facts, and a final judgment issued in the state case.  Accordingly, res judicata bars plaintiff from relitigating the same claims here.

## II. **Rooker-Feldman**

As plaintiff seeks this court's reversal of the NHSC decision in the state proceedings, a separate ground for dismissing this action is the Rooker-Feldman doctrine.  The Rooker-Feldman doctrine holds that, as a general rule, federal district courts should not sit in direct review of state court

decisions.  See D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983);
Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).  The Rooker-
Feldman doctrine divests this court of jurisdiction over "'cases
brought by state-court losers [complaining of injuries caused by
state-court judgments rendered before the district court
proceedings commenced and] inviting district court review and
rejection of [the state court's] judgments.'"  Skinner v.
Switzer, 562 U.S. 521, 532 (2011) (quoting Exxon Mobil Corp. v.
Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  The
plaintiff's "proper recourse," in such cases, "is with the
United States Supreme Court; [plaintiff] cannot file a complaint
in the federal district court challenging the state court's
judgment."  Moore v. Tex. Crim. App., 561 F. App'x 427, 431 (5th
Cir. 2014).  As the Rooker-Feldman doctrine applies here,
Tompson's claims should be dismissed.

## Conclusion

     For the foregoing reasons, the court should dismiss all
claims asserted in the complaint (doc. no. 1).  Any objections
to this Report and Recommendation must be filed within fourteen
days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).
Failure to file objections within the specified time waives the
right to appeal the district court's order.  See Garayalde-Rijos

5

v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).


_____
Andrea K. Johnstone
United States Magistrate Judge

June 8, 2016

cc:  Judith Tompson, pro se